UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARLOS ANTHONY DAVIS,

        Petitioner,        Case No. 1:09-cv-701

v.        Honorable Robert Holmes Bell

BLAINE LAFLER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving prison terms of 135 to 360 months and 23 to 60 months, imposed by the Kent County Circuit Court on May 10, 2007, after Petitioner pleaded guilty to possession with intent to deliver 450 grams or more, but less than 1000 grams, of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(ii), and to possession of a firearm by a felon, MICH. COMP. LAWS § 750.224f. In his *pro se* amended petition (docket #6), Petitioner raises two grounds for habeas corpus relief, as follows:

    I.    THE STATE COURTS WERE INCORRECT WHEN THEY FOUND PETITIONER WAIVED HIS CLAIM OF FACTUAL BASIS [FOR THE POSSESSION WITH INTENT TO DELIVER COCAINE CHARGE] BY PLEADING GUILTY.

    II.   THE STATE COURT[S] WERE INCORRECT WHEN THEY FOUND THAT PETITIONER WAIVED HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL BY PLEADING GUILTY [TO THE POSSESSION WITH INTENT TO DELIVER COCAINE CHARGE].

(Br. in Supp. of Am. Pet., docket #1, Page ID##15, 18; Am. Pet., docket #6, Page ID##48, 49.)

Respondent filed an answer (docket #11) to the amended petition arguing that the grounds should be denied because they are procedurally barred and without merit. Upon review and applying the AEDPA standards, I find that grounds one and two are procedurally barred. Accordingly, I recommend that the amended petition be denied.

## Procedural History

### A. Trial Court Proceedings

The state prosecution arose from the seizure of cocaine and a firearm from Petitioner in 2006. Petitioner was charged with possession with intent to deliver 450 grams or more, but less than 1000 grams, of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(ii), possession of a firearm by a felon, MICH. COMP. LAWS § 750.224f, maintaining a drug house, MICH. COMP. LAWS § 333.7405(1)(d), and being a fourth habitual offender, MICH. COMP. LAWS § 769.12. Petitioner pleaded guilty on January 23, 2007 to possession with intent to deliver 450 to 1000 grams of cocaine and to being a felon in possession of a firearm. The other two counts were dismissed.

During the plea hearing on January 23, 2007, Petitioner testified that he only had 449 grams of cocaine in his possession. (*See* Jan. 23, 2007 Plea Hr'g at 10-11, docket #16.) The prosecutor explained to the court that the police seized 252 grams of cocaine from Petitioner and discovered an additional 286 grams of cocaine when they executed a search warrant. (*Id.* at 11.) The trial court then adjourned the hearing for the parties to resolve the discrepancy. After a brief recess, the trial court clarified the amount of cocaine in Petitioner's possession, as follows:

> THE COURT: I've got information here according to what I read from the felony report, which is not a police report, which based on this information, tells me you had less than 450 grams of cocaine. I'm also told by the prosecutor, as you heard, that his police report indicates two separate quantities of cocaine which combined were far in excess of 450. Did you hear that as well?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you telling me now under oath to the best of your information and belief the total amount of cocaine in your possession was more than 450 grams?

THE DEFENDANT: Yes, Your Honor.

(*Id.* at 13-14.) The trial court then accepted Petitioner's plea as "understanding, voluntary, and accurate." (*Id.* at 15.) On May 10, 2007, the trial court sentenced Petitioner to a prison term of 135 to 360 months for the drug conviction and to a prison term of 23 to 60 months for the firearm conviction. (May 10, 2007 Sentencing Tr. at 10, docket #17.)

### B. Appeal

Petitioner did not file a direct appeal. On March 17, 2008, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court, raising two issues: (1) the prosecutor failed to provide a factual basis for the amount of cocaine being greater than 450 grams; and (2) Petitioner received the ineffective assistance of counsel when counsel encouraged Petitioner to plead guilty to a larger amount of cocaine than established by the police reports. On May 22, 2008, the trial court issued a two-page order denying Petitioner's motion under MICH. CT. R. 6.508(D). The court further opined:

> Even if this Court was to accept, for argument purposes only, that Defendant had satisfied the good cause and actual prejudice requirements, Defendant's Motion for Relief from Judgment must be denied. By pleading guilty, Defendant waived his claims relating to his factual guilt and the prosecution's ability to prove the case, and Defendant waived his ineffective assistance of counsel claims in which the underlying issue was waived by a guilty plea.

(May 22, 2008 Order Denying Mot. for Relief from J. at 2, docket #18 ) (citations omitted). Petitioner filed applications for leave to appeal to both the Michigan Court of Appeals and the

Michigan Supreme Court. Both appellate courts denied leave to appeal pursuant to MICH. CT. R. 6.508(D). The Michigan Supreme Court denied leave to appeal on April 28, 2009.

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), PUB. L. 104-132, 110 STAT. 1214. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## Procedural Default

In his answer, Respondent argues that Petitioner's claims are procedurally defaulted and without merit. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The doctrine of procedural default is applicable where a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Petitioner violated MICH. CT. R. 6.508(D) by failing to raise his claims on direct appeal and by asserting the claims for the first time in his

motion for relief from judgment and subsequent appeals. Thus, the first element of procedural default is satisfied.

To determine whether a petitioner has been denied relief based on a procedural default, we look to the last "reasoned judgment rejecting the [federal] claim." *Ylst*, 501 U.S. at 803. The doctrine is applicable if "the last state court to review [the prisoner's] conviction 'clearly and expressly' relied on [the prisoner's] procedural default in its decision affirming Petitioner's conviction." *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). The Sixth Circuit has held that the brief form orders such as those issued by the Michigan appellate courts in Petitioner's case do *not* invoke a procedural default. In *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010), the Sixth Circuit, in an *en banc* decision, held that brief form orders by the Michigan appellate courts invoking MICH. CT. R. 6.508(D) are unexplained orders within the meaning of *Ylst*, 501 U.S. at 803. Such form orders are presumed to uphold or reject the last reasoned decision below. *Guilmette*, 624 F.3d at 291-92 (citing *Ylst*, 501 U.S. at 803). As a result, absent an explained decision from a lower Michigan court applying the procedural prohibition of MICH. CT. R. 6.508(D), the federal court may not invoke procedural default to dispose of a habeas claim that has been rejected by the Michigan courts on the grounds of MICH. CT. R. 6.508(D). In *Amos v. Renico*, 683 F.3d 720, 727 (6th Cir. 2012), the Sixth Circuit recognized that its decision in *Guilmette* overturned the prior law of the circuit which held that an appellate court's invocation of MICH. CT. R. 6.508(D) amounted to an express reliance on a procedural default.

Thus, in Petitioner's case, the Court must look through the unexplained appellate orders and consult the decision of the circuit court to determine whether it invoked a procedural bar to reject Petitioner's claims. *See Ylst*, 501 U.S. at 803. It did. The trial court denied Petitioner's

motion for relief from judgment under MICH. CT. R. 6.508(D) because his claims could have been raised on direct appeal.[1] The trial court further opined that even if Petitioner had satisfied the good cause and actual prejudice requirements, Petitioner waived his claims by pleading guilty. (*See* May 22, 2008 Order Denying Mot. for Relief from J. at 2, docket #18.) The fact that the trial court also found Petitioner's claims to lack merit does not preclude a finding that the court relied on a procedural default to deny relief. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (stating that "a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."); *see also Johnson v. Sherry*, 586 F.3d 439, 445 n.3 (6th Cir. 2009) (noting that the procedural-default rule applies when the state court discusses the merits of a prosecutor's claim on an alternative basis). Thus, the second element of procedural default is satisfied because the last state court to issue a reasoned opinion denied relief under the procedural requirements of MICH. CT. R. 6.508(D).

The third element of procedural default concerns the adequacy and independence of the state procedural rule in question. "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.' " *Walker v. Martin*, ⎯⎯ U.S. ⎯⎯, 131 S. Ct. 1120, 1127 (2011) (quotation omitted). MICH. CT. R. 6.508(D) has been firmly established and regularly followed since it was enacted in 1989, and the Court of Appeals for the Sixth Circuit

---

[1] The trial court noted that Petitioner was appointed appellate counsel but voluntarily dismissed his appeal pursuant to a signed affidavit on November 8, 2007. (*See* May 22, 2008 Order Denying Mot. for Relief from J. at 2 n.1, docket #18.)

considers the rule to be "an independent and adequate state ground" for procedural default purposes. *Amos*, 683 F.3d at 733. Therefore, the third element of procedural default is satisfied.

Because Petitioner violated a state procedural rule, the trial court enforced the rule and the procedural rule was an adequate and independent state ground, all three elements of procedural default were satisfied. As a result, Petitioner's habeas claims are procedurally defaulted unless Petitioner can demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks v. Straub*, 377 F.3d 538, 551-52 (6th Cir. 2004). The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

As cause excusing his default, Petitioner raises the ineffective assistance of appellate counsel for failing to raise Petitioner's habeas claims on direct appeal. To serve as cause to excuse the default, a claim of ineffective assistance of appellate counsel must be properly exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Buell v. Mitchell*, 274 F.3.d 337, 349 (6th Cir. 2001); *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001). Petitioner did not raise his claim of ineffective assistance of appellate counsel in his motion for relief from judgment or in his appeal of that motion to the Michigan Court of Appeals. He only raised his claim of ineffective assistance of

appellate counsel in his application for leave to appeal the denial of his motion for relief from judgment to the Michigan Supreme Court. (*See* Appl. for Leave to Appeal in Mich. Supreme Ct. at 23-24, docket #19.) In order to fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Since Petitioner did not raise his claim in his motion for relief from judgment or in his application for leave to appeal that motion to the Michigan Court of Appeals, his claim of ineffective assistance of appellate counsel is unexhausted.

Generally, a prisoner may file only one motion for relief from judgment, MICH. CT. R. 6.508(D), and exceptions to this rule exist only for motions based on a retroactive change in the law or on a claim of newly discovered evidence. *See* MICH. CT. R. 6.502(G)(2). Petitioner has already filed one motion for relief from judgment. Moreover, his claims of ineffective assistance of appellate counsel are not based on a retroactive change in the law or on newly discovered evidence. Consequently, his claims do not fall within either of the exceptions to MICH. CT. R. 6.502(G)(2), and he no longer has a state remedy to exhaust. His unexhausted claims therefore are procedurally defaulted. Thus, appellate counsel cannot be deemed "cause" for Petitioner's procedural default, *Edwards*, 529 U.S. at 450-53, and the Court need not determine whether Petitioner was prejudiced by the alleged constitutional errors. *See Tolliver v. Sheets,* 594 F.3d 900, 930 n.13 (6th Cir. 2010).

Although this Court need not reach the issue of prejudice, an examination of the record shows that both of Petitioner's grounds for relief are plainly meritless. Petitioner's first ground for relief -- inadequacy of the factual basis for the guilty plea -- states no claim for habeas relief. The Supreme Court has never held that the Constitution requires a factual basis for state-court guilty pleas. The due-process standard requires only that a plea be knowing and voluntary. *See Boykin v. Alabama*, 395 U.S. 238 (1969). Additional requirements of state law, such as a factual basis for the plea, are not constitutionally based and do not provide grounds for habeas relief. *See Riggins v. McMackin*, 935 F.2d 790, 794-95 (6th Cir. 1991); *accord United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) ("The requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the plea is not a requirement of the Constitution, but rather is a requirement created by the rules and statutes."). Hence, Petitioner's first claim is facially meritless.

His Sixth Amendment claim fares no better, as it is refuted by the plea transcript itself. When the issue of quantity came up at the plea hearing, the court was provided documentary evidence of a quantity exceeding 450 grams. The court then asked Petitioner -- not his attorney -- whether he possessed over 450 grams. Petitioner testified, under oath, that he did. (Tr. 13-14). Such solemn undertakings by a defendant at a plea hearing are binding and estop him from taking a contrary position in post-judgment proceedings. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Todaro*, 982 F.2d 1025, 1028-29 (6th Cir. 1993). Petitioner's sworn testimony refutes his present claim that he was innocent but was induced to plead guilty on the basis of attorney misadvice.

The remaining issue is whether the Court's failure to review Petitioner's habeas claims on the merits will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*,

501 U.S. 722, 750 (1991). The miscarriage-of-justice exception is only found in an "extraordinary" case when a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. Petitioner does not allege any new evidence that was not available at his plea hearing. The total amount of grams of cocaine in Petitioner's possession was clarified at the plea hearing. Moreover, Petitioner agreed to the amount. (*See* Jan. 23, 2007 Plea Hr'g at 13-14, docket #16.) As a result, Petitioner has not asserted a colorable claim of innocence; and, therefore, he has not shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray*, 477 U.S. at 495). Accordingly, I find that Petitioner's habeas claims are procedurally defaulted.

       For the foregoing reasons, I recommend that the amended habeas corpus petition be denied.


Dated: March 22, 2013              /s/ Joseph G. Scoville
                                            United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).