UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS ANTHONY DAVIS
#249376,

        Petitioner,

File No. 1:09-CV-701

v.

HON. ROBERT HOLMES BELL

BLAINE LAFLER,

        Respondent.
_____/

# ORDER APPROVING AND ADOPTING
# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 22, 2013, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Carlos Anthony Davis's amended § 2254 petition for writ of habeas corpus (Dkt. No. 6) be denied. (Dkt. No. 24.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 25.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner's "objections" consist mainly of arguments regarding the merits of his habeas claims, and not specific objections to the R&R. However, to the extent Petitioner's arguments can be considered specific objections, Petitioner appears to be challenging the Magistrate Judge's conclusion that he failed to show the cause and prejudice necessary to overcome the procedural default of his two habeas claims.

Petitioner argues that his claims are not subject to procedural default because his trial counsel was ineffective in advising him to plead guilty to possession with intent to deliver 450 grams of cocaine when the amount that was in his actual possession was 252 grams.[1] As the Magistrate Judge correctly noted, the state procedural rule Petitioner failed to comply with was Mich. Ct. R. 6.508(D)(3), which prohibits a petitioner from alleging grounds for relief, "which could have been raised on appeal from the conviction and sentence," absent a showing of cause and prejudice. Trial counsel's alleged ineffectiveness had no bearing on Plaintiff's ability to raise his present grounds for relief on appeal, and thus it does not constitute good cause.

Moreover, Petitioner has not shown prejudice resulting from his trial counsel's alleged

---

[1]Petitioner also alleges that trial counsel promised Petitioner that his maximum sentence would be 51 months if he pleaded guilty. (Dkt. No. 25, at PageID# 111.) This allegation was not presented to the Magistrate Judge. "Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). "[I]ssues raised for first time in objections to magistrate judge's report and recommendation are deemed waived." *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)). Petitioner has not offered any compelling reasons for the failure to raise this argument earlier, and thus the Court deems it waived.

ineffectiveness. The Court agrees with the Magistrate Judge's conclusion that Petitioner's ineffective assistance of trial counsel claim lacks merit. (Dkt. No. 24, at 9.) Petitioner swore under oath during the plea colloquy that he possessed over 450 grams of cocaine. Consequently, the Magistrate Judge was correct in concluding that "Petitioner's sworn testimony refutes his present claim that he was innocent but was induced to plead guilty on the basis of attorney misadvice." (Dkt. No. 24, at 9 (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Todaro*, 982 F.2d 1025, 1028-29 (6th Cir. 1993)).)

To the extent Petitioner also objects to the Magistrate Judge's conclusion that the alleged ineffectiveness of his appellate counsel did not serve as cause to excuse the procedural default, this claim also lacks merit. As the Magistrate Judge correctly noted, a claim of ineffective assistance of appellate counsel must be properly exhausted. (*See* Dkt. No. 24, at 7 (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Buell v. Mitchell*, 274 F.3.d 337, 349 (6th Cir. 2001); *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001)).) To properly exhaust this claim, Petitioner was required to raise the claim at all levels of the state appellate system. Because Petitioner failed to do so in the motion for relief from judgment he filed with the trial court following his failure to appeal (and failed to raise the claim again in his application for leave to appeal that motion to the Michigan Court of Appeals), the claim is unexhausted. *See, e.g.*, *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Moreover, because Petitioner is unable to file another motion for relief from judgment, Mich. Ct. R. 6.508(D), he no longer has a state remedy to exhaust, meaning that the unexhausted ineffective assistance of appellate counsel claim is procedurally defaulted and cannot be

deemed the cause for the procedural default of Petitioner's present habeas claims. *See Edwards*, 529 U.S. at 450-53.

In conclusion, the Court agrees with the Magistrate Judge that Petitioner's habeas claims are procedurally defaulted. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (Dkt. No. 25) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the March 22, 2013, R&R (Dkt. No. 24) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's amended § 2254 petition for writ of habeas corpus (Dkt. No. 6) is **DENIED**.


Dated: July 12, 2013                                /s/ Robert Holmes Bell
                                                                                   ROBERT HOLMES BELL
                                                                                   UNITED STATES DISTRICT JUDGE